UNITED STATES of America
v.
Marvin W. GOOD.
Crim. No. 17494.

United States District Court
E. D. Pennsylvania.
June 9, 1955.

W. Wilson White, U. S. Atty., Frank K. Tarbox and Robert J. Spiegel, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

William A. Rahill, Philadelphia, Pa., Elvin R. Souder, Lansdale, Pa., for defendant.

GRIM, District Judge.

This is a prosecution under 50 U.S. C.A.Appendix, § 462(a) for refusal to submit to induction into the armed services. Defendant is a member of the Church of the Brethren, which traditionally has been opposed to war.

Defendant's claim of conscientious objection was turned down by his local board and by his appeal board by unanimous decisions. At the trial in this court he was found guilty. He has moved for judgment of acquittal.

Section 6(j) of the Selective Service Act provides exemption from military service, partial or full, depending upon the circumstances, for any person "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." If the conscientious objector's claim for relief under this Section is denied by his local draft board, he is entitled to further review by an "appropriate appeal board." All such appeals are referred to the Department of Justice for an "appropriate inquiry" and a "hearing." The Department of Justice then makes a recommendation to the appeal board, which may or may not follow it in reviewing the local board's classification. There is nothing in the statute or the regulations which requires that a copy of the recommendation be given to the registrant.

In the present case the problem was referred to the Department of Justice by the appeal board. An investigation was made and a hearing was held by a hearing officer designated by the Department of Justice. At the hearing the defendant was given a full opportunity to present his contentions by evidence and argument. He did not request a copy of the F. B. I. report or a resume of it. As a result of the inquiry and the hearing the Department of Justice following its usual practice wrote a letter to the appeal board reviewing and analyzing the facts, some of which were taken from the investigation by the Federal Bureau of Investigation. It recommended to the appeal board "that registrant's claim for exemption from both combatant and noncombatant training and service be not sustained."

The government concedes and has stipulated that the defendant was not furnished with a copy of the Department of Justice's recommendation to the appeal board and the record is clear that the defendant had no knowledge of the contents of the recommendation until after the decision of the appeal board had been made. The recommendation contains statements of fact which were harmful to defendant and which defendant might have been able to answer and rebut.

This case, therefore, presents the question as to whether there can be a valid conviction of a conscientious objector when he has not been furnished with a copy of or informed of the contents of the recommendation of the Department of Justice to the appeal board prior to an adverse decision by the appeal board.

This question has been decided in the negative by the Supreme Court of the United States in the recent case of Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409. It is clear, therefore, that defendant in the present action was not accorded a procedural right to which he was entitled under the law as it has been construed by the Supreme Court of the United States and that his conviction cannot stand.

And now, June 9, 1955, in accordance with the foregoing opinion, defendant's motion for judgment of acquittal is granted.